IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50764
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOD ANTHONY HIGGINS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CA-230
USDC No. W-97-CR-52-1
- - - - - - - - - -

January 18, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Tod Anthony Higgins, federal prisoner #78665-080, seeks a certificate of appealability (COA) to appeal from the denial of his motion for relief pursuant to 28 U.S.C. § 2255. Higgins moves for leave to proceed *in forma pauperis* (IFP), for production of transcripts at government expense, and for appointment of counsel. Higgins's motion for leave to proceed IFP is GRANTED. His motions production of transcripts for appointment of counsel are DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Higgins contends that the district court incorrectly based the denial of his § 2255 motion on the waiver provision in his plea agreement; that the warrant for the search of his residence described the wrong residence and bore another address; that his conviction violated the Double Jeopardy Clause because local police confiscated his property before he was convicted; that the confiscation of his property violated the Due Process Clause; and that he received ineffective assistance of counsel.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court's denial of the motion was based upon a non-constitutional ground such as the waiver provision in Higgins's plea agreement, we employ a two-step process.  *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).  First, we must decide if Higgins has made a credible showing that the district court's determination of the non-constitutional ground was erroneous.  Second, we must determine if Higgins's underlying claim that he was denied a constitutional right is debatable among reasonable jurists.  *Id.*

In his plea agreement, Higgins waived the right to challenge his *sentence,* with some exceptions.  He did not waive the right to challenge his *conviction*.  Higgins's contentions regarding double jeopardy and the warrant in his case implicate the validity of his conviction.  Higgins did not waive the right to assert those issues by virtue of his plea agreement.  Higgins's ineffective-assistance contentions implicate the validity of his

conviction and his sentence. Higgins reserved the right to assert any ineffective-assistance or other constitutional contentions regarding his sentence. Higgins did not waive the right to raise his ineffective-assistance issues in § 2255 proceedings. The wavier provision in Higgins's plea agreement did not preclude him from raising any of the issues on which he seeks a COA. Higgins therefore has made a substantial showing that the district court erred by denying him § 2255 relief based solely on the waiver provision.

Had the district court addressed Higgins's underlying substantive contentions, we could proceed to address whether Higgins has made a substantial showing of the denial of a constitutional right. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The district court, however, relied solely on waiver when denying Higgins's § 2255 motion and did not indicate on what ground it denied a COA. The COA requirement is jurisdictional, and the district court must deny a COA before we may consider whether to grant one. *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997).

> *Muniz*'s recognition that the COA requirement is jurisdictional as to each issue requires that, once we conclude that the district court erred in dismissing an application because of [purely procedural grounds without consideration of the underlying merits], we vacate and remand to the district court to address the merits of the habeas claims in the first instance.

*Whitehead*, 157 F.3d at 388.

Higgins's motion for a COA is GRANTED. His case is VACATED and REMANDED for consideration of Higgins's underlying claims for § 2255 relief.